TEMPLE v. SHAW et al.

SHAW et al. v. TEMPLE.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1913. On Petition for Rehearing, March 25, 1913.)

Nos. 2,367, 2,403.

COVENANTS (§ 28*)—WARRANTY—CONSTRUCTION—JOINT OR SEVERAL.

Where, in an action for breach of warranty of title, it was admitted that the title of the defendants came from a source other than that of certain grantors, who were nonresidents, and that defendants received one-half of the purchase price of the land, to which the title was claimed to have failed, and the nonresidents received the other half, that the fee-simple title to an undivided one-half was in the nonresidents jointly, an undivided one-fourth in defendant B., and the other one-fourth in two other grantors jointly, except as divested by adverse possession, a warranty of such grantors was severable, and not joint.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 27, 28; Dec. Dig. § 28.*]

In Error to the District Court of the United States for the Southern District of Texas; Waller T. Burns, Judge.

Action by T. L. L. Temple against Carey Shaw and others. A judgment was rendered in favor of defendants, and both parties bring error. Affirmed, and rehearing denied.

Geo. C. Greer and F. D. Minor, both of Beaumont, Tex., for plaintiff.

L. A. Carlton and John G. Logue, both of Houston, Tex., for defendants.

Before PARDEE and SHELBY, Circuit Judges, and NEWMAN, District Judge.

PER CURIAM. Both writs of error are sued out in the same case and to reverse the same judgment. On consideration of the transcripts and briefs, we find no reversible error in the rulings and judgment of the trial judge.

It follows that in each of the above entitled and numbered cases the judgment is affirmed, with costs.

On Petition for Rehearing.

While the suit is one on a joint warranty of title to recover for a defective title to a limited portion of the lands conveyed, the judicial admission by the plaintiff in the court below—

"that the title of the defendants in this suit came from a source different from that of Evelyn C. Howard, Mrs. Anna R. B. Miller, and Samuel B. Foard, alleged in the plaintiff's petition in this case as nonresidents of the state of Texas, and out of the jurisdiction of this court, and the further admission of the plaintiff that the defendants in this suit received one-half of the purchase price of the 280 acres to which title is alleged by plaintiff to have failed, and the said nonresidents, Evelyn C. Howard, Anna R. B. Miller, and Samuel B. Foard, received the other one-half part of said purchase money, and the further admission that the fee-simple title to said land

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was on May 17, 1905, an undivided one-half in the said Evelyn C. Howard, Anna R. B. Miller, and Samuel B. Foard jointly, an undivided one-fourth in the defendant, Mrs. Hattie Byars, and an undivided one-fourth in Carey Shaw and French Simpson, jointly, except in so far as same might have been divested out of them by the adverse possession of one Henry Smith"

—warranted the trial judge to construe the contract of warranty as severable and not joint.

The petition for rehearing is denied.