## Galloway-Pease Co. *v.* Sabin *et al.*

## (*Knoxville*. September Term, 1914.)

1. **LOGS AND LOGGING. Deeds. Sale of "interest in land."**
A sale of standing timber is a sale of an "interest in land."
(*Post, p.* 578.)

Case cited and approved: Childers v. Coleman, 122 Tenn., 109.

2. **LOGS AND LOGGING. Sale. Warranty. Action by assignee. "Covenant running with the land."**
Where a conveyance of timber contained a warranty of title, the grantee's assignee could sue for breach of such warranty though his deed contained no warranty; the covenant of warranty being a "covenant running with the land." (*Post, pp.* 578, 579.)

Cases cited and approved: Williams v. Burg, 77 Tenn., 455; Kenney v. Norton, 57 Tenn., 384; Mette v. Dow, 77 Tenn., 97; Evans v. Sanders, 49 Ky., 291; Redding v. Lamb, 81 Mich, 318; Ernst v. Bartle, 1 Johns Cas., 319; Hoxie v. Finney, 16 Gray (Mass.), 332; Suthon v. Laws, 127 La., 531; Temple v. Shaw, 203 Fed., 974; Hopkins v. Lane, 17 Tenn., 79.

3. **LOGS AND LOGGING. Sale. Warranty. Breach. Action by assignee. Damages recoverable.**
An assignee of the grantee in a deed containing a warranty of title can recover, for breach of such warranty, only the damages sustained by him, and not necessarily the whole consideration expressed in the deed to his grantee. (*Post, pp.* 578, 579.)

4. **LOGS AND LOGGING. Sale. Warranty. Construction and operation.**
Where a warranty deed purports to convey distinct and separate interests of the grantors, recoveries on the warranty must be distributed in the same proportion as the several interests

Galloway-Pease Co. v. Sabin.

conveyed, though the warranty be general in terms.   (*Post, pp.*
578, 579.)

5.  JUDICIAL SALES.   Failure of title.   Recovery of price paid.
Where the chancellor, subsequent to a chancery sale, dissolved an
injunction against the collection of the purchase money and
permitted it to be collected on condition that a refunding bond
be given, he had jurisdiction, on failure of the title, to order
repayment of the fund secured by the refunding bond.   (*Post,*
*pp.* 579, 580.)

Case cited and approved:   McMurray v. Brasfield, 57 Tenn., ·529.

FROM WASHINGTON.

Appeal from the Chancery Court of Washington
County.—HAL H. HAYNES, Judge.

E. C. REEVES and A. R. JOHNSON, for appellants.

HARR & BURROW, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the
Court.

In 1903 Mrs. Sabin and her two sons executed a
deed to S. C. Rambo, purporting to convey the undi-
vided one-half interest of Mrs. Sabin, the one-eighth
undivided interest of her son William R. Sabin, and
the one-eighth undivided interest of her son Albert S.
Sabin, in 3,000 acres of standing timber situated in
Washington county, this State.   This deed contained a
general warranty of title.   The timber was subse-

quently conveyed by Rambo to complainant, but the latter deed contained no warranty of title.

There were two other sons, Guy E. Sabin and Archie D. Sabin, who were minors in 1903. In order to secure a conveyance of these two interests, a bill was filed against them in the chancery court of Washington county. This proceeding lingered until October, 1908, at which time a decree was finally passed, decreeing the title to Galloway-Pease Company, the assignee of S. C. Rambo, who had entered into the contract for the purchase of the two interests last mentioned, and for whose benefit the proceeding was instituted. At the date this court sale was effected, Archie D. Sabin had died intestate and without issue, leaving his brothers as his only heirs at law. The interests sold in that case were the one-eighth undivided interest of Guy E., and the one-eighth undivided interest of Archie D.

After the confirmation of the sale in the case referred to, it was discovered that the title to 450 acres of the timber had failed. The present bill was then filed against Mrs. Sabin and her two sons, William R. and Albert S., and against Guy E., to recover as to the first three on the warranty of title contained in the deed. As to the land sold under the chancery proceeding it was alleged that $1,127 still remained unpaid. The bill sought to enjoin the collection and payment of this sum, on the ground of failure of title. An injunction was accordingly granted and issued, but on motion the injunction was dissolved; the chancellor requiring a refunding bond to make certain the repay-

130 Tenn. 37

ment of the money into court, in case he should afterwards order such repayment.

On the final hearing, after ascertaining the amount of damages sustained by reason of the failure of title to the 450 acres, the chancellor rendered a decree against all the defendants jointly for the full sum, and ordered the repayment into court of the fund secured by the refunding bond, to the end that this money might be applied to the extinguishment of the liability. The defendants appealed and assigned errors.

A sale of standing timber is a sale of an interest in land, and hence a deed therefor is controlled by the rule that governs deeds for realty. *Childers* v. *Coleman,* 122 Tenn., 109, 118 S. W., 1018.

Since the conveyance of the standing timber made by Mrs. Nannie L. Sabin, William R. Sabin, and Albert S. Sabin to S. C. Rambo contained a warranty of title, the present complainant, the assignee of Rambo, could maintain an action for breach of the warranty appearing in the first deed, even though the deed made to it by Rambo contained no warranty. *Williams* v. *Burg,* 77 Tenn. (9 Lea), 455, 459; *Hopkins* v. *Lane,* 17 Tenn. (9 Yerg.), 79, 85. The covenant or warranty runs with the land (*Kenney* v. *Norton,* 57 Tenn. [10 Heisk.], 384) ; and follows it into the hands of whomsoever may become the purchaser, even though he become the purchaser by sheriff's deed, and it is unimportant that the deed to him contains no warranty. Authorities supra. But of course he can recover only the damages sustained by him, and not necessarily the

whole of the consideration expressed in the prior deed. *Mette* v. *Dow,* 77 Tenn. (9 Lea), 97. But inasmuch as the deed made by Mrs. Sabin and her two sons, William R. and Albert S., purported to convey distinct and separate interests, this would be indicative of a purpose on the part of each to warrant only as to the several interests conveyed, although the warranty was general in terms; therefore the recoveries must be distributed in the same proportions. *Evans* v. *Sanders,* 49 Ky. (10 B. Mon.), 291; *Redding* v. *Lamb,* 81 Mich., 318, 45 N. W., 997; *Ernst* v. *Bartle,* 1 Johns. Cas., 319; *Hoxie* v. *Finney,* 16 Gray (Mass.), 332; *Suthon* v. *Laws,* 127 La., 531, 53 South., 852; *Temple* v. *Shaw,* 203 Fed., 974, 123 C. C. A., 582. There are authorities to the contrary, but we believe the rule stated is the sound one, and supported by obvious and satisfactory reasons, and reaches substantial justice.

As to the interests sold in the chancery proceeding against Guy E. and Archie D. Sabin, it is contended that the rule of *caveat emptor* applies and no recovery can be had. As a general rule, this is true; but, by reason of the refunding bond, the $1,127 was still under the control of the chancellor, just as much as if it were already in court and never paid out. Before purchase money is paid, a purchaser under a chancery sale may have an inquiry into title, and if there is a failure of title the court will not order the money collected from such purchaser. *McMurray* v. *Brasfield,* 57 Tenn. (10 Heisk.), 529. In the case referred to it appeared on the record that the present complainant, Galloway-

Pease Company, was the real purchaser. When it discovered the failure of title, it sought to prevent the collection of the money from it by injunction. The chancellor first granted the injunction and then dissolved it, permitting the purchase money to be collected on condition that the refunding bond above mentioned should be given, by which means he reserved the right to recall the money. The *status* of the fund was therefore the same as if it had never been really collected, so far as concerned the right of the purchaser to make the question. We are of the opinion that, inasmuch as the title has failed, Galloway-Pease Company should have refunded to it one-fourth of the money so collected from it; the two-eighths representing one-fourth of the 450 acres as to which the title failed, and of the damages suffered.

The $1,127 should not be applied to any portion of the warranty contained in the deed of Mrs. Sabin and her two sons, William R. and Albert S.