O’NIELL, Chief Justice.
 

 This is a concursus proceeding to distribute among the owners a fund resulting from the accumulation of royalties from oil produced by the lessee, Union Sulphur Company of New Jersey, from 13.41 acres of land in Cameron Parish. The Union Sulphur Company, Inc., became the successor of the Union Sulphur Company of New Jersey, after the proceeding was filed, and was substituted as the nominal plain
 
 *517
 
 tiff in the case. The company has mineral leases, dated July 19, 1938, and subsequently, from all claimants of the land and mineral interests, and therefore has no interest in the matter except to know how the fund is to be distributed among the many claimants who were cited as defendants. The company deposited the fund in the registry of the court and prayed to be discharged from further liability.
 

 Each one of the defendants claiming a part of the fund claims title from Mrs. Josephine O’Quinn, who acquired the land from her father many years ago. In the deeds by which Mrs. O’Quinn conveyed the various interests in the land, including various mineral interests, the area is referred to as 19 acres; but the area is actually only 13.41 acres; which fact is not disputed.
 

 By an instrument dated August 20, and recorded on August 22, 1927, Mrs. O’Quinn granted a 30-days option to Asa F. Roux and John A. Roux for them to buy 5 acres of the tract of 13.41 acres; and, on September 14, 1927, she completed the transaction by selling to Asa F. and John A. Roux “an undivided 5-acres interest” in the 13.41 acres of land.
 

 On August 22, 1927, Mrs. O’Quinn sold to Lexie Verdine “an undivided 1/32 interest in and to all the oil, gas and other minerals” in her undivided interest in the land. By an act dated November 12, 1927, the parties declared that the mineral interest so transferred to Lexie Verdine was intended to be a corresponding royalty interest in the existing mineral lease on the land and in any future mineral lease that might be made of the land.
 

 On October 2, 1929, Mrs. O’Quinn sold to Herschel L. Pearce “all of vendor’s interest [being the remaining so-called undivided 8.41 acres or 17/27 interest] in the 13.41 acres of land”. In the act of sale the parties expressly excepted the undivided 5-acres interest previously sold to Asa F. Roux and John A. Roux. The sale was subject of course to the previous sale to Lexie Verdine of the 1/32 mineral interest.
 

 On May 1, 1939, Mrs. O’Quinn sold to W. S. Streater all of her mineral interest or royalty interest in the land.
 

 By the sale made by Mrs. O’Quinn to Asa F. and John A. Roux on September 14, 1927, which we have referred to, she sold to each of the Roux’s what the parties described as a half of a 5-acre interest in the 13.41 acres of land and in all of the mineral rights in the so-called 5-acre interest in the land. Therefore each of the Roux’s acquired an undivided interest which the judge of the district court treated as 5/27 interest in the 13.41 acres of land and the same proportion of all of the mineral interest therein. As none of the parties to this suit disputes the correctness of the judge’s interpretation or calculation of the interest which each of the Roux’s acquired we accept it as being substantially correct. The record does not disclose how John A. Roux disposed of his 5/27 interest in the land and mineral rights, but it is conceded by ail parties that that interest, acquired by John A. Roux from
 
 *519
 
 Mrs. O’Quinn on September 14, 1927, is not in contest in this proceeding.
 

 On November 15, 1927, Asa F. Roux sold to Ashley E. Weaver what the parties described in the deed as “an undivided 1/64 royalty interest of all the oil, gas and other minerals in and to [his] my undivided 2% acres of land”.
 

 On December 21, 1931, at a bankruptcy sale of the estate of Asa F. Roux, a corporation styled Kelly-Weber Company bought the interest of Asa F. Roux, which consisted of 5/27 interest in the 13.41 acres of land and the same proportionate interest in the mineral rights in the land, except, of course, the so-called “1/64 royalty interest”, theretofore sold to Ashley E. Weaver. This “1/64 royalty interest”, which Asa F. Roux had sold to Weaver, was expressly excepted from the sale of the bankrupt estate of Asa F. Roux to Kelly-Weber Company.
 

 Lexie Verdine, by several deeds, transferred to numerous parties fractional parts of his 1/32 .mineral interest, or so-called royalty interest, in the land. In that way Lexie Verdine disposed of all of his 1/32 mineral interest. It appears that there are now twelve or more co-owners of the 1/32 mineral interest, or so-called royalty interest, which Mrs. O’Quinn sold to Lexie Verdine on August 22, 1927. As there is no dispute among these twelve or more co-owners as to the interest of each of them, we shall refer to them, for convenience, in a group, as the transferees of Lexie Verdine.
 

 There was no drilling on the land for oil or gas for a period exceeding 10 years from and after the sale made by Mrs. O’Quinn to Lexie Verdine, on August 22, 1927. During that time, before the expiration of the 10 years, several of the parties holding title to parts of the 1/32 mineral interest, or royalty interest, acquired from Lexie Verdine, died leaving minor heirs.
 

 Herschel L. Pearce, being the owner of the 17/27 interest in the 13.41 acres of land, by virtue of the sale made to him by Mrs. O’Quinn on October 2, 1929, pleaded the prescription of 10 years, liberandi causa, against the 1/32 mineral interest, or royalty interest, acquired by the transferees of Lexie Verdine. They pleaded that the minority of some of them, being co-owners óf this 1/32 mineral interest, or royalty interest, suspended the prescription not only with regard to the minor co-owners but also with regard to the major co-owners of this 1/32 mineral interest, or royalty interest.
 

 W. S. Streater, claiming title under the sale made to him by Mrs. O’Quinn on May 1, 1939, also pleaded the prescription of 10 years, liberandi causa, against the claims of the transferees of Lexie Verdine of the 1/32 mineral interest, or royalty interest. Against Streater’s plea also, the transferees of Lexie Verdine pleaded that the prescription of 10 years was interrupted and suspended by the minority of some of the co-owners of the 1/32 mineral interest, or royalty interest, which Lexie Verdine acquired from Mrs. O’Quinn on August 22, 1927.
 

 The Kelly-Weber Company, as owner of the 5/27 interest in the 13.41 acres of land, pleaded the prescription of 10 years,
 
 *521
 
 liberandi causa, against the claim of Ashley E. Weaver of the 1/64 mineral interest, or royalty interest, acquired by him from Asa F. Roux on November 15, 1927. Weaver, in turn, pleaded that the prescription of 10 years was interrupted and suspended by the minority of some of the co-owners of the 1/32 mineral interest or royalty interest which Lexie Verdine acquired from Mrs. O’Quinn on August 22, 1927.
 

 Another contest in this proceeding is between W. S. Streater and Herschel L. Pearce. It grows out of a supplemental contract made by and between Mrs. O’Quinn and Pearce on February 6, 1930. The contract was a complement of the sale made on October 2, 1929, by which Mrs. O’Quinn sold to Pearce all of her interest in the 13.41 acres of land, excepting specifically the undivided 5-acre interest which she had sold to Asa F. and John A. Roux. In the sale, dated October 2, 1929, Mrs. O’Quinn sold to Pearce also what is described in the deed as: “all of vendor’s remaining oil, gas and mineral rights in said land and royalties under any lease that may now cover said tract of land, there being hereby specially conveyed and warranted a royalty of not less than one-thirty-second (1/32) part of all the oil, gas and minerals in said land or to be produced therefrom.” It was declared in the deed that, for the purpose of fixing the- liability of Mrs. O’Quinn as warrantor of the title, the value of the land conveyed, exclusive of the mineral value, was fixed at $10 per acre, and the value of the 1/32 mineral interest, or royalty interest, was fixed at $240 per acre. On February 6, 1930, Mrs. O’Quinn and Pearce signed the supplemental agreement, in which they recited the facts concerning the sale from her to him on October 2, 1929, and in which he abandoned his claim against her as a warrantor of the title to the 1/32 mineral interest or royalty interest which had been conveyed by her to him on October 2, 1929. This abandonment was made in consideration for Mrs. O’Quinn’s transferring to Pearce, in the supplemental deed dated February 6, 1930, a 3/192 mineral interest in another tract of land, which is not involved in this proceeding. Streater contends that by this supplement agreement, dated February 6, 1930, Pearce reconveyed to Mrs. O’Quinn all of the mineral interest, or royalty interest, which he had acquired from her on October 2, 1929, in the so-called undivided 8.41 acres of land, or 17/27 interest in the 13.41 acres of land, and that he, Streater, therefore acquired from Mrs. O’Quinn all of the mineral rights in the so-called undivided 8.41 acres of land by the sale which she made to him on May 1, 1939.
 

 The judge of the district court decided that the supplemental transaction between Mrs. O’Quinn and Pearce, on February 6, 1930, merely discharged her from her obligation as warrantor of the title of the 1/32 mineral interest, or royalty interest, which obligation, at the rate of $240 per acre, as stated in the deed dated October 2, 1929, amounted to $2,018.40. The judge decided therefore that the supplemental transaction dated February 6, 1930, did not purport to convey or to reconvey to Mrs. O’Quinn, and did not in fact convey or reconvey to her, any mineral interest in the 13.41 acres
 
 *523
 
 of land. The judge therefore rejected Streater’s demand to participate in the distribution of the fund deposited in the registry of the court. Streater is appealing from that decision.
 

 The judge decided also that the 10 years prescription, liberandi causa, was applicable to the 1/32 mineral interest, or royalty interest, which Mrs. O’Quinn sold to Lexie Verdine on August 22, 1927; but the judge held also that the prescription was suspended as to all of the 12 or more co-owners of this 1/32 mineral interest or royalty interest — even as to the major co-owners— by the minority of some of the co-owners. W. S. Streater is appealing also from that decision.
 

 The judge sustained the plea of prescription of 10 years liberandi causa, filed by the Kelly-Weber Company against the claim of Ashley E. Weaver, of the 1/64 mineral interest or royalty interest. In sustaining the plea the judge decided that the minority of some of the co-owners of the 1/32 mineral interest or royalty interest which Lexie Verdine had acquired from Mrs. O’Quinn on August 22, 1927, did not suspend the prescription of 10 years against the claim of Ashley E. Weaver of the 1/64 royalty interest or mineral interest which he had acquired from Asa F. Roux on November IS, 1937. Weaver is appealing from that decision.
 

 We concur in the interpretation given by the judge of the district court to the supplemental transaction dated February 6, 1930. The judge stated in his reasons for judgment that the record disclosed certain indications that Mrs. O’Quinn could not convey to Pearce a valid title to the 1/32 mineral interest, or royalty interest, of which she warranted the title in the deed dated October 2, 1929. We rest our concurrence in the judge’s interpretation of the instrument dated February 6, 1930, upon the recitals in the instrument itself. In it the parties declared: “that the conveyance of said mineral and royalty interests separate and apart from the fee title” to the so-called undivided 8.41 acres of land was thereby “cancelled and annulled”, and that Mrs. O’Quinn was thereby relieved and released from any obligation of warranty of the title to the 1/32 mineral interest or royalty interest, and that Pearce had only such title to the mineral rights in the land as was conveyed to him by his acquiring the fee simple title to Mrs. O’Quinn’s interest in the land. That paragraph in the agreement, dated February 6, 1930, reads as follows:
 

 “The said appearers have agreed and hereby declare that the conveyance of said mineral and royalty interests
 
 separate and apart from the fee title to said land,
 
 is hereby, for the consideration hereinafter named,
 
 cancelled and annulled,
 
 and the said vendor is hereby relieved and released from any obligation of warranty with respect to said royalty and mineral rights as set forth in said above described deed, the said purchaser, Herschel L. Pearce, hereby waiving and abandoning, for the consideration hereinafter named, all rights to demand said royalty or any part thereof, under said special warranty and
 
 apart from his fee simple title to said land.”
 
 [The italics are ours.]
 

 
 *525
 
 In the concluding paragraph in the agreement dated February 6, 1930, it was declared that the fee simple title conveyed by Mrs. O’Quinn to Herschel L. Pearce on October 2, 1929, was retained in full ownership by him, and that it was understood that the cash consideration which he had paid to her for the deed dated Octo'ber 2, 1929, was in full satisfaction and payment for her conveying to him the fee simple title to the so-called undivided 8.41 acres of land. The judgment therefore as far as it rejects Streater’s demands is correct.
 

 The only parties who had a right to complain — or who had any interest in complaining — of the judgment maintaining that the prescription of 10 years pleaded by Herschel L. Pearce and W. S. Streater against the claim of the 1/32 mineral interest, or royalty interest, now owned by the transferees of Lexie Verdine, was suspended by the minority of some of the co-owners of that 1/32 interest, are Herschel L. Pearce and W. S. Streater themselves. Pearce did not appeal from the decision— or from any part of the judgment rendered in this proceeding. Therefore, as far as Pearce’s interest was 'affected by the judgment overruling his plea of prescription of 10 years, there is no issue before the court. And, as far as W. S. Streater’s interest or claim might have been affected by the judgment overruling his plea of prescription of 10 years, he has no cause or right to complain, because, as we have decided, he did not acquire any interest whatever in the 13.41 acres of land, or in any part of it, by the deed which he obtained from Mrs. O’Quinn on May 1, 1939. Therefore, the judgment overruling the pleas of prescription of 10 years filed by Herschel L. Pearce and W. S. Streater against the 1/32 mineral interest or royalty interest owned by the transferees of Lexie Verdine cannot be disturbed, reversed, or amended on the appeals which were taken in this case. The only parties who appealed were W. S. Streater and Ashley E. Weaver, neither of whom has any interest in the judgment declaring that Lexie Verdine’s transferees did not lose their 1/32 mineral interest or royalty interest by prescription.
 

 Weaver appealed from the judgment which maintained the plea of prescription of 10 years, liberandi causa, filed by the Kelly-Weber Company against the 1/64 mineral interest or royalty interest which he, Weaver, bought from Asa F. Roux on November 15, 1927. Weaver’s contention is, as we have said, that the prescription against the 1/64 mineral interest, or royalty interest, which he acquired from Asa F. Roux, was suspended by the minority of some of the co-owners of the 1/32 mineral interest, or royalty interest, which Lexie Verdine acquired from Mrs. O’Quinn on August 22, 1927. Asa F. Roux acquired his 5/27 interest in the 13.41 acres of land from Mrs. O’Quinn on August 20, 1927. It is obvious therefore that the 1/64 mineral interest, or royalty interest, which Ashley E. Weaver acquired, and the 1/32 mineral interest or royalty interest, which Lexie Verdine acquired, were derived from different sources — Lexie Verdine acquiring his 1/32 mineral interest, or royalty interest, from Mrs. O’Quinn, as the owner of
 
 *527
 
 17/27 interest in the 13.41 acres of land, and Weaver acquiring his 1/64 mineral interest, or royalty imprest, from Asa F. Roux as the owner of 5/27 interest in the 13.41 acres of land. The judgment declaring that the prescription of 10 years pleaded by W. S. Streater and Herschel L. Pearce against the 1/32 mineral interest, or royalty interest, owned by the transferees of Lexie Verdine, was suspended, even as to the major co-owners, by the minority of some of the co-owners, was founded upon article 802 of the Civil Code, which declares that, if among the co-owners, or “coproprietors”, there is one against whom prescription cannot run, as, for instance, a minor, he shall preserve the rights of all the other coproprietors. That article was declared applicable to a real obligation, consisting of the mineral rights held by two or more co-owners, imposed upon the land of another party, in the following cases: Sample v. Whitaker, 172 La. 722, 135 So. 38; Ford v. Williams, 189 La. 229, 179 So. 298; State ex rel. Bourgaux v. Fontenot, 192 La. 95, 187 So. 66; Ohio Oil Co. v. Cox, 196 La. 193, 198 So. 902. Assuming, that the judgment in the present case is correct as far as it maintains that the minority of some of the co-owners of the 1/32 mineral interest, or royalty interest, acquired from Lexie Verdine, suspended the prescription as to all of the co-owners of the 1/32 mineral interest, the judgment is of no avail to Ashley E. Weaver, because his 1/64 mineral interest was derived from another source, and hence he cannot be considered in any sense a co-owner, or “coproprietor”, of the 1/32 mineral interest or royalty interest acquired from Lexie Verdine.
 

 The question of correctness of the judgment maintaining that the prescription of ten years was suspended by the minority of some of the co-owners of the 1/32 mineral interest, or royalty interest, owned by the transferees of Lexie Verdine, would be an interesting one if anyone affected adversely by the judgment had appealed from it; but the question has lost much of its public importance, or general importance, as an abstract question of law, by the enactment, at the last session of the Legislature, of Act 232 of 1944, which declares:
 

 “Section 1. Be it enacted by the Legislature of Louisiana, That despite the fact that among co-proprietors of any mineral or royalty right there be one or more against whom prescription cannot run, as, for instance, a minor, the liberative prescription shall nevertheless run against the co-proprietors not under legal disability.
 

 “Section 2. That this Act is intended to and does affect presently existing mineral or royalty rights; notwithstanding which, any person whose rights would be affected hereby shall have a period of one year from and after the effective date of this Act in which to exercise his rights.”
 

 Two of the parties made defendants in this proceeding, namely, the CiYic Realty Company, Inc., and Mrs. Irene McGiehan, have filed an answer to the appeal and ask for an amendment of the judgment as far as it recognized the Civic Realty Company or its assigns to be the owners of 39/54 of the 5/128 royalty interest in the 15/27 in
 
 *529
 
 terest in the 13.41 acres of land and as 'far as it recognized Mrs. Irene McGiehan to be entitled to 15/54 of the 5/128 interest in the 15/27 interest in the 13/41 acres of land. The Civic Realty Company and Mrs. McGiehan contend that each of them is entitled to 5/128 royalty interest in the 15/54 interest in the land. As 15/54 is a half of 15/27, the amendment of the judgment will not change the total interest which the judgment gave to the two parties, Civic Realty Company and Mrs. ' McGiehan. Therefore they are the only parties concerned in the proposed amendment., A reference to the deed by which the Civic Realty Company transferred on October 11, 1940, a royalty interest in the 15/27 interest in the land to Mrs. McGiehan leaves some doubt as to what proportion of the Civic Realty’s interest was transferred to Mrs. McGiehan. However, as the only parties who could be affected by the proposed amendment are the Civic Realty Company and Mrs. McGiehan, we accept their interpretation of the deed by which the Civic Realty Company sold a part of its royalty interest to Mrs. McGiehan, and will make the amendment of the judgment so as to recognize each of them, the Civic Realty Company and Mrs. McGiehan, to be the owner of 5/128 royalty interest in the 15/54 interest in the 13.41 acres of land.
 

 Eleven other parties made defendants in this proceeding, including among the eleven parties Felix Maggiore, have filed an answer to the appeal and ask that the judgment be amended so as to recognize Maggiore as the owner of 1/512 royalty interest in the land described in this suit. The motion must have reference to only the 17/27 interest in the land, because the 1/512 royalty interest is a part of the 1/32 royalty interest which Mrs. O’Quinn sold to Lexie Verdine on August 22, 1927, and the 1/32 interest affected only a 17/27 interest in the land. The ten other parties to the motion for the amendment are recognized in the judgment as the owners of the fractional parts which they, respectively, claim in their motion to amend. The name of Felix Maggiore was omitted from the judgment. The judge explains this omission in his reasons for judgment by saying that Henry Belaire, now deceased, bought from Lexie Verdine a 1/128 royalty interest in the 17/27 acres of land, but that in the succession proceedings it appears that the estate of Henry Belaire owns only 3/512 royalty interest, indicating that Belaire must have disposed of 1/512 interest. The judge does not state who acquired the 1/512 interest from Henry Belaire, but points out that his heirs are claiming only the 3/512 interest. As the motion to amend the judgment in this respect is filed by the attorneys representing all of the owners of the 1/128 royalty interest which Henry Belaire acquired from Lexie Verdine, and as they are the only parties who could be affected by recognizing Felix Maggiore as the owner of the 1/512 interest which is unaccounted for in the judgment, we assume that Maggiore is entitled to this interest and we will amend the judgment accordingly.
 

 A motion has been filed by counsel for J. Ewell Belaire, Morris Belaire and Rodney Belaire, averring and furnishing proof of the fact that their parents, Rene Belaire and his wife Edvina Broussard Belaire,
 
 *531
 
 have died, intestate, Mrs. Belaire having died on July 8, 1942, and Rene Belaire on May 15, 1943. The motion is accompanied by a judgment of the district court, recognizing J. Ewell, Morris and Rodney Belaire to be the. only heirs of their parents and ordering them sent into possession of the succession of their parents unconditionally, specifically, of the interest which the parents were recognized as owning in the judgment rendered in this proceeding. On this showing, J. Ewell Belaire, Morris and Rodney Belaire are now ordered substituted for their parents, Rene Belaire and Mrs. Edvina Broussard Belaire, deceased, as far as their interest is recognized in the judgment rendered in this case.
 

 There is an obvious clerical error, or error of calculation, in the judgment rendered in this case. According to article 547 of the Code of Practice an error of calculation in a judgment ought to be corrected before the judgment becomes final, even though none of the parties asks for the correction. The error in this case is in the distribution among the heirs of one, Esperance Corbello, deceased, 1/256 royalty interest which he acquired out of the 1/32 royalty interest which Lexie Verdine had acquired from Mrs. O’Quinn. In the distribution of this 1/256 interest, the court distributed among certain parties who were declared in the judgment to be the heirs of Esperance Corbello, only 14/18, or 7/9 of the 1/256 royalty interest. The record discloses that, in the Succession of Esperance Corbello, one of the heirs, Marion Corbello, was recognized as the owner of 2/9 of the estate of Esperance Corbello. Marion Corbello’s name is not included in the list of the heirs of Esperance Corbello named in the distribution of his 1/256 royalty interest. In order to account for and distribute the entire 1/256 interest belonging to the heirs of Esperance Corbello it is necessary to recognize the 2/9 interest inherited by Marion Corbello, and hence to recognize him, or his heirs or assigns, as owning the 2/9 of 1/256 royalty interest in the 17/27 interest in the 13.41 acres of land.
 

 Decree
 

 The judgment appealed from is ordered amended as follows:
 

 (1) By recognizing the Civic Realty Company, Inc., and Mrs. Irene McGiehan each to be the owner of 5/128 royalty interest in the 15/54 interest in the 13.41 acres of land;
 

 (2) By recognizing Felix Maggiore to be the owner of the 1/512 royalty interest in the 17/27 interest in the 13.41 acres of-land;
 

 (3) By substituting J. Ewell Belaire, Morris Belaire and Rodney Belaire for their deceased parents, Rene Belaire and Mrs. Edvina Broussard Belaire, as owners of the interest awarded to the parties deceased ;
 

 (4) By recognizing Marion Corbello, or his heirs or assigns, as owning the 2/9 of 1/256 royalty interest in the 17/27 interest in the 13.41 acres of land.
 

 As thus amended the judgment is affirmed. The costs of this proceeding are to be paid out of the fund deposited in the registry of the court.