CHASEZ, Judge.
In April of 1967 Bellevue Baptist Church of Metairie, Louisiana, as owner, *14 entered into a contract with Quality Contractors, Inc., as contractor, for the construction of a two-story building to be located in Metairie. Quality Contractors, Inc. subsequently entered into a sub-contract with Weathermasters Parts & Service, Inc. (“Weathermasters”), defendant-appellant herein, for the installation of the heating and air-conditioning units in the building. Weathermasters ordered certain items of air-conditioning equipment from the Trane Company (“Trane”), plaintiff-appellee herein, including three IS ton air conditioning units, heating, ventilating, heat transfer and other equipment, materials, parts, and supplies, which were actually furnished and used in the building. This material was delivered in August of 1967.
Weathermasters installed the units and when the system was turned on for testing, one of the 15 ton units malfunctioned and burned with resulting scorching damage to the other units which required removal of the damaged unit, sanding and repainting of the other units and installation of a new unit.
Trane replaced the defective unit without cost to Weathermasters. Additionally, Weathermasters was given a $25.00 credit as a labor allowance.
Trane received no payments from Weathermasters and on April 15, 1968, recorded its lien and privilege. Trane subsequently filed suit on June 4, 1968. Weathermasters answered in the form of a general denial and filed Third Party Demands against Bellevue Baptist Church of Metairie and Quality Contractors, Inc.
In February of 1969, Trane filed a Request for Admission of Facts which Weathermasters did not answer. Then on April 9, 1969 Trane filed a Rule to Show Cause why its Request for Admissions should not be deemed admitted and a Motion for Summary Judgment with supporting affidavit.
On May 2, 1969 Weathermasters filed a document entitled “Affidavit” which stated that the air-conditioning unit was defective, burned up when it was turned on, and that Weathermasters incurred expenses in replacing it and should be entitled to a credit.
On May 23, 1969 the Rule to Show Cause and the Motion for Summary Judgment were argued and on May 28, 1969 the Motion for Summary Judgment was granted from which Weathermasters has appealed.
A summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits on file, show that there is no genuine issue as to a material fact. LSA-C.C.P. art. 966.
The affidavit of Mr. R. O. Frick of the Trane Company in support of Trane’s Motion for Summary Judgment states that the order of Weathermasters for air-conditioning and heating equipment was filled at a cost of $6,600.00, plus tax; the equipment was delivered in August of 1967; that a billing adjustment giving Weathermasters a credit of $25.00 as a labor allowance was made on August 14, 1967; that Weather-masters was sent a gallon of spray paint on September 1, 1967 at a cost of $15.87; that the full amount owed to Trane is $16,-830.91; and that nothing has been paid on the bill.
The same facts were incorporated into the Request for Admission of Facts filed by Trane. Although there were no written reasons for the Summary Judgment it must be assumed that the Rule to Show Cause why the Request for Admissions should not be deemed admitted was considered. Pursuant to article 1496 of the Code of Civil Procedure, if the Request for Admissions is not denied or objected to within 15 days, or within the period designated, they shall be deemed admitted. Since there was no objection or denial filed, the trial court must have deemed them admitted.
*15 The admissions of fact were not the sole basis for the court a quo’s judgment and therefore appellant Weathermas-ters’ argument that it should not be denied the right to a trial on the merits even though it did not answer the Request for Admissions timely under the rule in Voisin v. Luke, 249 La. 796, 191 So.2d 503 (1966), and Champagne v. Marmande, La.App., 162 So.2d 220 (1st Cir.1964) is rejected.
The affidavit and deposition of E. J. Shepherd, Treasurer of Weathermasters admitted that an order was placed with Trane for the equipment and that the equipment was delivered and placed in the building. It is further admitted that no payment was made to Trane. Also admitted was the fact that Trane replaced the defective unit at no charge and credited Weathermasters with a $25.00 labor allowance.
Mr. Shepherd in his affidavit stated that Weathermasters utilized considerable time and labor to replace the defective unit and repaint the area scorched by the fire. However, in his deposition he admitted that there was no charge by Trane to replace the defective unit. He also admitted that Weathermasters never billed Trane or made demand on Trane for payment of any labor costs incurred in the installation of the replacement equipment. This being an affirmative defense it should have been raised in Weathermasters’ answer. LSA-C.C.P. art. 1005.
For these reasons the Summary Judgment must be affirmed.
Trane answered the appeal and asked that the judgment of $6330.91 be increased to $6830.91 because due to a typographical error the judgment was $500.00 less than it should have been.
Appellate courts have the power to correct errors in calculation in judgments of the district court, which could have been corrected if brought to the notice of the court below. Union Sulphur Co. v. Campbell, 207 La. 514, 21 So.2d 626 (1945); LSA-C.C.P. art. 2164.
Plaintiff-appellee Trane’s original petition prayed for relief in the amount of $6830.91. The supplemental and amending petition which amended its prayer to ask for recognition of its lien stated the lien to be $6830.91. The Request for Admission of Facts stated the amount to be $6830.91. The affidavit of R. O. Frick of the Trane Company stated the total amount due to be $6830.91. However, there was an itemized statement in the affidavit which did not total $6830.91 but $6330.91. This is because the entry of 8/31/67 was listed as $4,019.63 rather than $4,519.63. Trane urges that this was simply an inadvertent typographical error and should be corrected. The amount of $6830.91 appears in all the pleadings, motions and affidavits. The single exception is the itemized amount of $4,019.63 rather than $4,519.63. Even the itemized statement totaled $6830.91. These statements make manifest that the judgment rendered should have been $6830.91 rather than $6330.91 and the judgment is so amended.
For the foregoing reasons the Summary Judgment in favor of the plaintiff, The Trane Company, against defendant Weath-ermasters Parts & Service, Inc. only is amended to increase the amount of the judgment from $6330.91 to $6830.91. In all other respects the judgment is affirmed.
Amended and affirmed.