576 So.2d 1136 (1991)
Robert GUILLORY, Plaintiff-Appellee/Appellant,
v.
Douglas HAYES et al., Defendants-Appellants/Appellees.
No. 89-545.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
*1137 Martin, Taulbee, Preston D. Cloyd, Lafayette, for plaintiff-appellee, appellant.
*1138 George Kim Johnson, Baton Rouge, Hunter & Boland, Lake Charles, for defendants-appellants, appellees.
Before FORET, LABORDE and KNOLL, JJ.
LABORDE, Judge.
This is an action to recover a deposit on the purchase of immovable property brought by plaintiff, Robert Guillory, against defendants, Douglas Hayes and Riceacres, Inc. (Riceacres). After a trial on the merits, the trial court found in favor of plaintiff and against Douglas Hayes in the amount of $37,709.75 and against Riceacres in the amount of $28,060.03. All parties now appeal the judgment of the trial court. We amend the amount awarded against Douglas Hayes to account for an error in calculation and affirm as amended.

FACTS
We find that the trial court did an admirable job in sorting through and delineating the crucial events leading up to the filing of this lawsuit, and we adopt as our own the rendition of the facts laid out in its reasons for judgment:
"This is a suit filed by the plaintiff, ROBERT GUILLORY ... against the defendants DOUGLAS HAYES and RICEACRES, INC.... to recover the sum of $65,000.00 which plaintiff alleges was delivered to Douglas Hayes as a deposit on the purchase price of certain property located in Jefferson Davis Parish, Louisiana, owned jointly by Douglas Hayes and Riceacres.
Riceacres was erroneously referred to in the original petition as Riceland Acres, Inc. On June 27, 1986, this court rendered a default judgment against Riceacres, Inc. which judgment was subsequently annulled by the court on May 29, 1987.
On June 5, 1987, Guillory filed a supplemental and amending petition changing the name of the defendant from Riceland Acres, Inc. to Riceacres, Inc. and adding an additional paragraph alleging that Douglas Hayes and/or Riceacres, Inc. were unjustly enriched subsequent to the delivery of the $65,000.00 check from Guillory to Hayes since Hayes endorsed the check to the Federal Land Bank for payment and satisfaction of the interest obligation jointly owned by Hayes and Riceacres.
On August 19, 1987, Guillory filed a second supplemental and amending petition alleging that Douglas Hayes was authorized to do and was doing business for Riceacres, and Riceacres was unjustly enriched when Douglas Hayes received a check for $65,000.00 from Guillory which was endorsed and deposited in the Federal Land Bank for payment in satisfaction of the interest obligation owed by Riceacres. It was further alleged that Guillory was impoverished unjustly due to having paid $65,000.00 for consideration of ownership of a particular parcel of property owned by Riceacres and not having received title or ownership of said property, despite demand, and that the unjust enrichment of Hayes and Riceacres was directly related to the unjust impoverishment of Guillory in that they were the result of a single action or occurrence. It was further alleged that there was no valid or legal justification or reason for the unjust enrichment of Hayes and/or Riceacres except the deliverance of a certain parcel of property which was to be delivered to Guillory and such delivery did not take place causing Guillory to be unreasonably and unjustly impoverished.
Riceacres filed an answer denying any liability to plaintiff and also filed a cross-claim against Douglas Hayes praying for judgment against Hayes in the event there is a judgment against it in favor of plaintiff. In the alternative, Riceacres prays that any judgment against it be limited to one-half of the total amount found to be due to plaintiff as a result of any payment made on the obligation to the Federal Land Bank in the name of both defendants.
Hayes filed an answer denying any liability to plaintiff and also filed an answer denying any liability on Riceacres cross-claim against him.

*1139 This matter came on to be tried on July 13, 1988. At trial the parties entered into a joint stipulation of the following facts: Douglas Hayes and Riceacres were co-owners of a 530 acre tract of land located in Jefferson Davis Parish, Louisiana; Douglas Hayes and Riceacres entered into a written co-ownership agreement concerning this co-owned land; Robert Guillory did not discuss the proposed sale directly with E.W. Hayes prior to the negotiation of the check in question; on or about March 14, 1985, Robert Guillory issued a check to Douglas Hayes in the sum of $65,742.74; and E.W. Hayes is and was president of Riceacres at all times relevant to the suit.
* * * * * *
Much of the factual evidence is not in dispute. The evidence shows that in September of 1981 Douglas Hayes was interested in purchasing 530 acres of land located in Jefferson Davis Parish, Louisiana. The Federal Land Bank would not lend the money to him individually because in their opinion he did not have the financial capacity to handle the loan. His cousin, E.W. Hayes, agreed to help him obtain the loan and the Federal Land Bank agreed to approve the loan with a co-signer. E.W. Hayes agreed to co-sign the loan provided the land was co-owned by Riceacres (his corporation) and Douglas Hayes. The transaction was completed and in connection therewith Douglas Hayes and Riceacres entered into a written co-ownership agreement concerning the ownership and management of the property which was recorded in the Public Records of Jefferson Davis Parish, Louisiana. A copy of this agreement was introduced in evidence as "J2." This agreement provided for joint management of the property, a right of first refusal in the event of sale, an option to purchase, among other provisions. The parties verbally agreed that Douglas Hayes would farm the property, receive all of the income and would be solely responsible for paying the note due the Federal Land Bank. Riceacres did not receive any income from the property although it did receive some tax benefits. Riceacres' motive in signing the note and mortgage was to help Douglas Hayes purchase the land. The Federal Land Bank was aware of this agreement and dealt solely with Douglas Hayes in connection with the loan. It was agreed that if Douglas Hayes was unable to pay the note the parties would attempt to sell the land and if unsuccessful Riceacres would assume the payment of the loan and Douglas Hayes would transfer his one-half interest to Riceacres.
The evidence shows that from the beginning of the loan the land did not produce sufficient revenue to make the annual payments on the loan. Douglas Hayes was not able to make the payment due September 1, 1984 and a buyer for the property was sought. The exact date Douglas Hayes' brother-in-law, Robert Guillory, entered the picture is not clear from the evidence. Evidently discussions for the purchase of a portion of the property began sometime late in 1984 as the Federal Land Bank records indicate that on December 27, 1984 it issued to Douglas Hayes a Notice of Forebearance on the September payment until January 10, 1985. The Notice indicated a request for additional time was based on the anticipated receipt of earnest money on the sale of land. This was confirmed in a letter from the Federal Land Bank to Douglas Hayes dated January 10, 1985. This letter indicated that the forbearance was conditioned upon the sale of 160 acres of land and a date of March 1, 1985 was set forth in this letter.
The evidence shows that during this period of time negotiations for the sale of a portion of the property were going on between Douglas Hayes, Robert Guillory and a representative of Robert Guillory. The Federal Land Bank was also involved as it had to grant a partial release of its mortgage as to any land sold. Because of the partial release it also had to be satisfied with the price of the sale so as not to jeopardize its security position on the property which would remain subject to the mortgage after the sale.

*1140 Although Robert Guillory did not discuss the proposed sale directly with E.W. Hayes prior to the giving of the check, the evidence shows that E.W. Hayes was aware of the discussions going on for the sale of the property.
The evidence indicated that during the negotiations the Federal Land Bank agreed to approve the release of 160 acres at $1,300.00 per acre for a total purchase price of $208,000.00. Evidently Guillory agreed to purchase 160 acres at $1,300.00 per acre because there is a notation on the check written to Douglas Hayes on March 14, 1985, indicating a deposit on 160 acres at $1,300.00 per acre. This is also confirmed in the letter dated April 26, 1985 introduced in evidence as "DH14" written by Attorney L.P. Cooper, Jr. to the Federal Land Bank and in the application for release of the Federal Land Bank mortgage dated June 5, 1985, introduced in evidence as "DH2".
The actual sale never did take place because about this time due to the economic conditions in the area the price of farm land was steadily going down and Guillory wanted more acreage for the same price of $208,000.00 which the Federal Land Bank would not approve. However, on March 14, 1985, Guillory issued a check to Douglas Hayes in the amount of $65,742.74 which check was endorsed by Hayes and given to the Federal Land Bank. The Federal Land Bank's records indicate that $56,120.06 was credited on the mortgage loan due by Douglas Hayes and Riceacres and the balance of $9,649.72[[1]] was credited to Douglas Hayes' personal loan on his home.
The evidence shows that Douglas Hayes continued to farm the property in 1985 and at the same time to unsuccessfully search for a buyer of the property. In September of 1985 to accommodate any sale of the property Riceacres sold its interest in the property to Douglas Hayes, however, [it] remained liable on the note and mortgage to the Federal Land Bank.
Hayes was unable to make the September, 1985, payment and the records of the Federal Land Bank indicate that Hayes was advised in October of 1985 that his loan extension request would not be granted and that E.W. Hayes would be called upon to make the payment since he had the necessary funds. Therefore, in accordance with the co-ownership agreement on October 31, 1985 by sale with assumption of mortgage Douglas Hayes conveyed his interest in the property to Riceacres and was subsequently released from any personal liability on the mortgage due the Federal Land Bank. In January of 1986 Riceacres caused an act of correction to be executed changing the vendee to E.W. and Alla Ray Hayes so that they could benefit personally from various federal farm programs. The evidence shows that the property was later sold by E.W. Hayes in 2 transactions for $525,500.00 resulting in a profit to him of some $41,000.00."

UNJUST ENRICHMENT
The trial court properly found that since the contract to purchase the immovable property was never placed in writing, as required by Louisiana Civil Code articles 1839 and 2440, plaintiff's only means of recovering the deposit was through an action for unjust enrichment. Under the circumstances presented by this case, the trial court determined that all of the requirements necessary to maintain an action for unjust enrichment were met and, accordingly, it awarded plaintiff judgment against defendants for the amount of the deposit. Defendant, Riceacres, contends that the trial court erred in finding that plaintiff met his burden of proving an action for unjust enrichment.
The civil law action for unjust enrichment (actio de in rem verso) is an *1141 equitable doctrine based upon the principle that no one should be enriched at expense of another. Application of the doctrine is limited to those instances where one party truly receives a windfall from another without legal cause. Edmonston v. A-Second Mortgage Company of Slidell, Inc., 289 So.2d 116 (La.1974); Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967); V & S Planting Co. v. Red River Waterway Commission, 472 So.2d 331 (La. App. 3d Cir.), writ denied, 475 So.2d 1106 (La.1985); Carter v. Flanagan, 455 So.2d 689 (La.App. 2d Cir.1984). The Louisiana Supreme Court in the Minyard decision set forth five prerequisites which must be satisfied to successfully invoke the action: (1) there must be an enrichment; (2) there must be an impoverishment; (3) there must be a connection between the enrichment and the impoverishment; (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment; and (5) the action will only be allowed when there is no other remedy at law, i.e. the action is subsidiary or corrective in nature. "Cause" as it is used in prerequisite number four means that the enrichment is justified if it is the result of, or finds its explanation in, the terms of a valid juridical act. Edmonston, supra.
Before we determine whether the elements of an action for unjust enrichment are present in this case, we must first take up the issue of whether the check issued by plaintiff to defendant, Douglas Hayes, qualified as a loan or as a deposit on the purchase of immovable property. If the check was in the nature of a personal loan to Douglas Hayes, then it is apparent that Riceacres could not be held accountable to plaintiff under a theory of unjust enrichment.
Riceacres contends that the check issued by plaintiff was intended to be a loan to Douglas Hayes. To support its contention that the check represented a loan, Riceacres chiefly relies on the following facts: (1) that plaintiff knew that Riceacres was a co-owner of the property, yet failed to discuss the sale with any representative of the corporation; (2) that the check was issued for the exact amount which would bring current not only the loan on the property in question but also the loan on Douglas Hayes' house; and (3) that plaintiff had an interest in making sure his brother-in-law, Douglas Hayes, did not lose his property.
The trial court disagreed with Riceacres' position and found the check to be in the nature of a deposit on the purchase of the property and not a loan. It is well established that a reviewing court may not disturb the fact findings of the trier of fact in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). We find that the trial court's determination that the check was intended to be a deposit is supported by the record before us. In their testimony at trial both plaintiff and defendant, Douglas Hayes, stated that the check was intended to be a deposit. Additionally, on the face of the check there is a notation that it is a deposit on 160 acres at $1,300.00 per acre. There is also filed in the record a copy of a letter from Attorney L.P. Cooper, Jr. to the Federal Land Bank which states that the balance of the sales price had been prepaid by plaintiff and had already been applied to the note held by the Federal Land Bank. In view of this evidence, we find no manifest error in the trial court's determination that the check was a deposit and not a personal loan.
Having decided that the check was a deposit we must now determine whether an action for unjust enrichment lies against defendants. It is clear that the defendants were enriched by plaintiff's deposit because it was used to satisfy a mortgage obligation. It is also clear that plaintiff was impoverished because he received neither the title to the land nor the return of his deposit. The connection between the enrichment and impoverishment is obvious and need not be explained. As for the fourth element of unjust enrichment, it is apparent that there was an absence of "justification" or "cause" for the enrichment and impoverishment since there was never in effect a valid juridical act between plaintiff and Douglas Hayes or between plaintiff and Riceacres. Finally, there is no other remedy at law available to the plaintiff. *1142 Thus, we conclude that the elements of an action for unjust enrichment have been met in this case and that plaintiff is entitled to recover his deposit from defendants.

JOINT VENTURE OR CO-OWNERSHIP IN INDIVISION?
Defendant, Douglas Hayes, concedes on appeal that plaintiff is entitled to recover his deposit; however, he argues that Riceacres should be held solely liable for its return. Douglas Hayes contends that he and Riceacres entered into a joint venture when they purchased the land and that under joint venture law when one partner retains sufficient partnership assets to pay a claim against the property that partner is liable for the full amount of the claim. Defendant, Douglas Hayes, alleges that Riceacres retained sufficient funds to pay the plaintiff's deposit.
We find that this argument lacks merit, as it is obvious to this court that there was not a joint venture in effect between the parties. In order for a joint venture relationship to exist, the parties must intend to enter into a joint venture. Pillsbury Mills, Inc. v. Chehardy, 231 La. 111, 90 So.2d 797 (1956); Whittington v. Sowela Technical Institute, 438 So.2d 236 (La.App. 3d Cir.), writ denied, 443 So.2d 591, 592 (La.1983). There is absolutely no evidence in the record that would indicate that the parties in the instant matter intended to enter into a joint venture relationship. In fact, the evidence plainly suggests that the parties agreed to be co-owners in indivision in regard to the property and entered into a contract which so states. We find that the relationship between the parties was governed by the written and recorded co-ownership agreement. As a result, Riceacres can not be held solely liable for the return of plaintiffs' deposit.

LIABILITY IN SOLIDO
Plaintiff appeals the judgment of the trial court only insofar as it fails to make defendants liable in solido for the deposit. The trial court apportioned the amount of the deposit paid to the Federal Land Bank on the mortgage affecting the property co-owned in indivision ($56,120.06) equally between Douglas Hayes and Riceacres. Douglas Hayes was judged solely responsible for the remaining portion of the deposit ($9,622.68), as it was used to pay the mortgage on his house. Plaintiff would have this court amend the trial court's judgment to provide that defendants are solidarily liable for the $56,120.06.
We find that the trial court was correct in splitting the amount of the deposit between the defendants. As co-owners in indivision, the defendants should bear equal responsibility for this debt. Whatley v. McMillan, 152 La. 978, 94 So. 905 (1922). In the Whatley case, the Court decided that a co-owner of immovable property could not be held liable in solido for the entire amount of a broker's commission, but only in proportion to his interest in the land. Similarly, defendants in the case sub judice should only be held liable for the deposit in proportion to their ownership interest. Plaintiff's request directed to this court to amend the decision of the trial court to hold defendants solidarly liable for the deposit is hereby denied.
We do find, however, that the trial court miscalculated the amount of the award assessed against Douglas Hayes. As was stated earlier in the opinion, the amount credited to Douglas Hayes' personal loan was $9,622.68, and not $9,649.72. Therefore, plaintiff is entitled to recover $37,682.71 from Douglas Hayes. Under LSA-C.C.P. art. 2164, we have the authority to correct this error. Union Sulphur Co. v. Campbell, 207 La. 514, 21 So.2d 626 (1945); Woods v. Ratliff, 407 So.2d 1375 (La.App. 3d Cir.1981). Accordingly, the fourth paragraph of the trial court's judgment should be amended and recast to read:
"ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Plaintiff, ROBERT GUILLORY, against DOUGLAS HAYES in the full and true sum of THIRTY-SEVEN THOUSAND SIX HUNDRED EIGHTY TWO and 71/100 ($37,682.71) DOLLARS, *1143 plus legal interest from the date of judicial demand, and further, that there be judgment herein in favor of ROBERT GUILLORY, Plaintiff, against RICEACRES, INC. in the full and true sum of TWENTY-EIGHT THOUSAND SIXTY AND 03/100 ($28,060.03) DOLLARS, plus legal interest from the date of judicial demand."
The judgment of the trial court is affirmed in all other respects. Costs are to be shared equally between Douglas Hayes and Riceacres, Inc.
AFFIRMED AS AMENDED.
NOTES
[1] [We find that there is an error as to this amount. The proper amount should be $9,622.68.]