liDECUIR, Judge.
This is an appeal by plaintiffs from the granting of a motion for summary judgment in favor of defendants.
Plaintiffs, Charolette Lafleur and Larry Lafleur, originally filed suit against Tiqua J. Manuel and his insurer, Louisiana Farm Bureau Mutual Insurance Company, in connection with injuries allegedly sustained by Charolette Lafleur in an automobile accident on May 6,1996. According to plaintiffs’ petition, Charolette Lafleur was a passenger in a vehicle driven by Diana L. Bergeron on Louisiana Hwy. 374 when Manuel failed to stop at a stop sign at the intersection of Hwy. 374 and Louisiana Hwy. 13 in Evangeline Parish. Plaintiff, Charlene Lafleur, also filed suit individually and on behalf of her minor daughter against Manuel and his insurer. Charlene Lafleur’s minor daughter, Megan Ledeaux, was also a passenger .in the Bergeron vehicle at the time of the accident. The two suits were consolidated. Plaintiffs ^subsequently amended their petitions to add as defendants, Nolan Wendell Manuel, Lori M. Manuel, Lenis Devillier, J. Robley Duplechin, Claney Duplechin, Jr., Wesley R. Reed, Howard Joseph Leger, Donald K. Manuel, Elward J. Fontenot, and Randall D. Fontenot. Plaintiffs contend that at the time of the accident Tiqua J. Manuel was a farmer who had entered into farming contracts or agreements with all of the other named defendant landowners and that these contracts or agreements constituted joint farming ventures such that these defendants are liable jointly and in solido with Tiqua J. Manuel. Charolette and Larry Lafleur’s children, Marie Lafleur, Charlene Lafleur, Brian James Lafleur, and Tammy Faye Lafleur, were subsequently added as parties-plaintiff.
The defendant landowners, Nolan Wendell Manuel, Wesley R. Reed, Claney Duplechin, Jr., J. Robley Duplechin, Lenis Devillier, El-ward J. Fontenot, Randall D. Fontenot, and Donald K. Manuel, moved for summary judgment on the grounds that: Tiqua J. Manuel was the sole owner, operator and proprietor of his farming operation, and that Tiqua J. Manuel in the course of his farming operation leased and/or rented land from independent landowners; and that no joint venture existed between the said landowners and Ti-qua J. Manuel. The trial court rendered judgment 'in favor of the landowners. We affirm.
Plaintiffs appeal contending the trial court erred in finding that a joint venture did not exist between Tiqua J. Manuel and the defendant landowners and in failing to compel the defendant landowners to produce certified copies of insurance policies which may have provided additional coverage to Tiqua J. Manuel.
A summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment |3as a matter of law. The summary judgment is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969, and summary judgment is favored and shall be construed to accomplish these ends. La.Code Civ.P. art. 966; Hayes v. Autin, 96-287 (La. App. 3 Cir. 12/26/96); 685 So.2d 691, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41.
In order for a joint venture to exist, the parties thereto must intend to enter into a joint venture. Guillory v. Hayes, 576 So.2d 1136 (La.App. 3 Cir.1991); Whittington v. Sowela Technical Institute, 438 So.2d 236 (La.App. 3 Cir.), writ denied, 443 So.2d 591 (La.1983). Furthermore, each party must have some right of control over the business. Id. at 246; Lloyd v. Tritico, 527 So.2d 57 (La.App. 3 Cir.), writ denied, 528 So.2d 154 (La.1988). It is a well-established practice in our state for landowners to lease or rent their land to farmers for the cultivation of crops. The record reveals that the arrange- *543 merits between Tiqua J. Manuel and the various defendant landowners were typical crop leases and not joint ventures. The elements of a joint venture are not present-in this case, particularly, the intent to enter into a joint venture, consent to the joint venture, and as the trial court correctly noted, the right of control over the joint venture. Our review of the record reveals no error in the trial court’s ruling.
Plaintiffs’ remaining assignment of error is rendered moot.
The judgment of the trial court is affirmed. Costs of appeal are assessed to plaintiffs-appellants.
AFFIRMED.