er presumed; but must be expressly stipulated. Civ. Code, art. 2093.

Martel and Mrs. Emma Brownson owe each, therefore, one quarter of the price. The sale to O'Neil included other lands, the title to which is not contested, and was for a lump price, and the evidence does not enable this court to determine what proportion of this price was for the land involved in this suit. On this point the case will have to be remanded.

There is no denial of the divisibility in kind of the property.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that there now be judgment recognizing the plaintiff, Walter J. Suthon, as owner of one undivided fourth of the S. E. ¼ of section 25 S., range 9 E., parish of St. Mary, and ordering a partition in kind of the said quarter section of land; that this case be remanded for effecting said partition, and for further trial on the several demands in warranty, with instructions to the lower court to enter judgment in favor of defendant against his vendor, O'Neil, for whatever portion of the price of the sale by O'Neil to the defendant may be found to be properly attributable to the one-fourth interest involved in this suit, and to enter judgment in favor of defendant against Mrs. Emma Brownson and J. S. Martel jointly for the same debt, conditioned that same shall be executory only if not already paid by O'Neil, and to enter judgment in favor of Walter A. O'Neil against Mrs. Emma Brownson and J. S. Martel jointly for the same debt, conditioned that said judgment in favor of Walter A. O'Neil shall not be executory until made so on a rule wherein it shall have been made to appear that the said O'Neil has paid the like judgment rendered against him in favor of the defendant, Laws; that the defendant pay all costs of this suit except those pertaining strictly to the partition, which are to be paid in the usual course.

(53 South. 855.)

No. 17,609.

SUTHON v. VIGUERIE.

(Dec. 12, 1910.   Rehearing Denied Jan. 3, 1911.)

(Syllabus by Editorial Staff.)

1. PARTITION (§ 16*)—AS PETITORY ACTIONS—TITLE TO SUPPORT.

An action by a co-owner of land for partition thereof is not petitory, necessitating proof by plaintiff of a good title as against the whole world, where plaintiff does not allege that defendant is in possession, and as a matter of fact defendant has no better right to claim possession than plaintiff, the property being low, unfenced wood, or swamp land, upon which no greater acts of possession have ever been exercised than the occasional cutting of cordwood, acts entirely insufficient to show possession, especially as between co-owners.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 52; Dec. Dig. § 16.*]

2. DEEDS (§ 38*)—SUFFICIENCY OF DESCRIPTION.

A description in an act of sale of the land as bounded on the west by Bayou Teche, north by F. plantation, east by Grand Lake, and south by the M. plantation was sufficient, though the M. plantation does not extend all the way to Grand Lake, where the intent of the parties was manifest to include all the holdings of the grantor in that locality as far as the lands belonging to other persons on the south.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 65–79; Dec. Dig. § 38.*]

3. CO-OWNERS — JOINT OR SEVERAL LIABILITY.

Where two persons sold land jointly, their warranty obligation is joint and not in solido.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 27, 28; Dec. Dig. § 28.*]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; A. C. Allen, Judge ad hoc.

Action by Walter J. Suthon against Frank C. Viguerie, in which defendant called his vendors in warranty, praying judgment against them if plaintiff succeeded in his action. Judgment for defendant, and plaintiff appeals. Reversed, judgment rendered for plaintiff, and case remanded for trial on defendant's demand in warranty, with instructions.

Foster, Milling & Brian and Walter J. Suthon, for appellant. E. N. Pugh and C. F. Borah, for appellee.

PROVOSTY, J. Alleging that he is owner of an undivided half of that part of lot 5, section 30, township 13 S., range 10 E., north of Bayou Grue, parish of St. Mary, and that defendant is owner of the other undivided half, plaintiff prays for a partition in kind.

Plaintiff traces his title, as follows: He acquired from Wm. F. Weeks; who acquired from Mrs. Caroline Brownson; who acquired from Mrs. Iphigenie Fuselier; who acquired from her husband; who acquired from the government.

Defendant contests the title of plaintiff, mainly on the assumption that plaintiff is claiming title through a certain sheriff's sale made in foreclosure of a mortgage given by Mrs. Emma Brownson, from whom defendant acquired title. That assumption, however, is purely gratuitous, since the plaintiff does not derive his title through the said foreclosure sale, but derives it as stated above.

Defendant also contends that this is a petitory action, in which plaintiff, in order to succeed, must show a title good as against the whole world; and that plaintiff has failed to show a transfer from Mrs. Caroline Brownson to his author, Wm. F. Weeks, because the act of sale by Mrs. Brownson to Weeks did not embrace this lot 5.

Both of these propositions are unfounded.

The suit would be petitory only if the plaintiff had alleged that the defendant was in possession, or if, as a matter of fact, the defendant were in possession and the plaintiff out of possession, neither of which is true. The plaintiff does not allege that the defendant is in possession, and as a matter of fact the defendant has no better right to claim to be in possession than plaintiff, the property being low, unfenced wood, or swamp land, upon which no greater acts of possession have ever been exercised than the occasional cutting of cordwood—acts entirely insufficient to show possession, especially as between co-owners. Hence the suit is not petitory. See case of same plaintiff against Laws (this day decided) ante, p. 531, 53 South. 852.

The description in the act of sale to Weeks was sufficient to convey said property. The sale was of a body of land described as bounded on the west by Bayou Teche, north by Fuselier plantation, east by Grand Lake, and south by the Mallon plantation; and lot 5 in question was included within these boundaries. True, the south boundary thus given was in part erroneous, in that the Mallon plantation did not extend all the way to Grand Lake. But that error was harmless, since it brought no uncertainty into the description. The parties manifestly intended to include in the sale all the holdings of Mrs. Caroline Brownson in that locality as far as the lands belonging to other persons on the south. The intention was that these lands on the south, no matter to whom belonging, should constitute the southern boundary of the land conveyed, and that intention continued to be manifest notwithstanding the mistake made in the attempt to give the right name of the owner of these lands abutting on the south.

Defendant also pleads prescription acquirandi causa; but, manifestly, he has had no such possession as could support that plea.

The defendant, Viguerie, acquired the whole of the property in litigation from Mrs. Emma Brownson and J. S. Martel. J. S. Martel had acquired an undivided half from Mrs. Emma Brownson. The defendant called his said vendors in warranty, and prayed for judgment against them, in solido, for the sum of $2,700, in case plaintiff

succeeded in his action; $700 of said sum being for one-half of the purchase price of said property, and the $2,000 being for the loss and inconvenience which defendant would suffer as the result of being deprived of said lot 5, which adjoins and connects his lands in that locality.

This claim for $2,000 damages can hardly be serious, and, in fact, is not pressed.

The sale to defendant included other lands besides the land involved in this suit. The title to these other lands is not contested, and the evidence in the record does not enable the court to determine what proportion of the price of the sale to defendant is attributable to these other lands and what to the land in litigation. On this point, the case will have to be remanded for further trial.

Mrs. Emma Brownson and Martel sold jointly; hence their warranty obligation is joint, and not in solido.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that there now be judgment recognizing Walter J. Suthon as owner of one undivided half of that part of lot 5, section 30, township 13 S., range 10 E., north of Bayou Grue, parish of St. Mary, and ordering a partition in kind of said land; and that this case be remanded for effecting said partition, and for further trial on defendant's demand in warranty, with instructions to the lower court to enter judgment in favor of the defendant, F. C. Viguerie, against his warrantors, Mrs. Emma Brownson and J. S. Martel jointly, for whatever portion of the price of the sale by said warrantors to the defendant may be found to be attributable to the one-half interest involved in this suit; and that the defendant pay all the costs of this suit, except those strictly pertaining to the partition, which are to be paid in the usual course.