PROVOSTT, J.
Alleging that he is owner of one-fourth, undivided, of S. E. % of section 25, township 13 S., range 9 E., parish of St. Mary, and that defendant owns the other undivided three-fourths, plaintiff prays for a partition in kind. Defendant controverts the title of plaintiff. Plaintiff traces title to Mrs. Caroline Brownson; and defendant to Mrs. Emma Brownson. The latter lady was the daughter-in-law of the former. They owned between them a body of land extending from Bayou Teche on the west to Grand Lake on the east, and bounded on the north by the Fuselier plantation, and on the south, for a distance of 40 arpents, going from Bayou Teche towards Grand Lake, by the Mallon plantation, and the rest of the way to Grand Lake by other lands. The western part of this land, extending from Bayou Teche to a distance of 40 arpents towards Grand Lake, was known as “Wbodlawn Plantation,” and was bounded along its entire southern boundary by the Mallon plantation. Contiguous to it and. in the rear of it, in the direction of Grand Lake, came this S. E. of section 25, now sought to be partitioned. In the Wood-lawn plantation the interest of the two ladies was equal. In the S. E. % of section 25 Mrs. Caroline Brownson had one-fourth and Mrs. Emma Brownson three-fourths. Next after this S. E. of section 25, in the direction of Grand Lake, fame a tract of land owned by Mrs. Emma Brownson alone. Next came a tract bordering on Grand Lake in which the interest of the two ladies was equal.
Mrs. Emma Brownson executed a mortgage on her half interest in Woodlawn plantation and on an undivided interest in the N. E. (not S. E.) % of section 25, and in Septem *534 ber, 1875, this property, thus mortgaged, was adjudicated to Mrs. Caroline Brownson at a sheriff’s sale made in foreclosure of the mortgage.
In August, 1879, Mrs. Caroline Brownson, who was living in the state of New York, gave a power of attorney to an agent in the parish of St. Mary to sell all her lands in said parish; and in September, 18S0, this agent sold to Wm. F. Weeks the entire body of land which the two said ladies are stated hereinabove to have owned between them. 'In this sale to W'eeks this body of land was described as being bounded west by Bayou Teche, north by Fuselier plantation, east by Grand Lake, and south by Mallon plantation.
In 1893, Mrs. Emma Brownson brought suit against Wm. F. Weeks to annul the sale made by the sheriff to Mrs. Caroline Brown-son, on the ground that the mortgage in foreclosure of which that sale had been made had been given by her for a debt of her husband, and was therefore void. She alleged that she had acquired said property by donation from her mother; and that Weeks held same under a pretended title derived from Mrs. Caroline Brownson, who in turn acquired same at said sheriff’s sale.
Weeks, in his answer, admitted that his title was derived as alleged by the plaintiff, but averred that it was valid, and that he was in possession of all the lands in question as owner.
The judgment in the suit rejected plaintiff’s demand and confirmed the title of Weeks.
In all these transactions — the mortgage, the sheriff’s deed at the foreclosure sale, the petition, and the answer in said suit against Weeks — the parties had in mind the S. E. % of section 25 when speaking of the N. E. 14 • The N. E. % of section 25 was part of the Fuselier plantation, and neither one of the Brownson ladies nor any one of those holding under them ever had the slightest idea of claiming ownership of it. The S. E. 14 was described by error as the N. E. 14; that is all.
Defendant contends that the judgment in said suit against Weeks settled forever the extent of plaintiff’s title as derived through the foreclosure sale at which Mrs. Caroline Brownson became the adjudicatee; that it affirmatively holds that plaintiff’s title covers only the Woodlawn plantation and the N. E. 14 of section 25; and that therefore plaintiff cannot now lay claim to any interest in the S. E. 14 of that section.
That contention is palpably fallacious in all respects; but its main fallacy consists in assuming that the title asserted by plaintiff in the instant suit is derived through the said foreclosure sale, whereas it is derived as follows : Plaintiff acquired from Weeks; Weeks acquired from Mrs. Caroline Brownson; Mrs. Caroline Brownson acquired at a sale made by the assignee in bankruptcy of Jules Mossy ; Jules Mossy acquired from Mrs. Iphigenie Fuselier, mother of Mrs. Emma Brown-son ; Mrs. Iphigenie Fuselier acquired from her husband, G. L. Fuselier; G. L. Fuselier acquired from the government. The one-fourth interest which plaintiff is claiming in this suit to be owner of was never owned by Mrs; Emma Brownson. It was not covered, or intended to be covered, by the mortgage at the foreclosure of which Mrs. Caroline Brownson was adjudicatee. It was not involved in the suit of Mrs. Emma Brownson against Weeks, except as already stated, that the N. E. 14 was, by error, spoken of when the intention was to refer to the S. E. %.
Defendant next contends that this is a petitory suit, in which plaintiff must succeed, if at all, upon the strength of his own title, and not on the weakness of that of his adversary ; and that the description in the deed by Mrs. Caroline Brownson’s agent to Wm. F. Weeks is insufficient to convey the property here in question; and that therefore *536 the title is still vested in Mrs. Caroline Brownson, if it was ever so vested.
Both of these propositions are unfounded. This is not a petitory action, and the description in question is sufficient to convey this property.
The petitory action is that wherein the plaintiff alleges his adversary to be in possession. The plaintiff in this case makes no such allegation. Defendant’s learned counsel seem to assume that, the moment the title of the plaintiff in a partition suit is controverted, the suit is ipso facto converted into a petitory action. The decisions cited by the learned counsel (Le Blanc v. Robertson, 41 La. Ann. 1026, 6 South. 720; Durbridge v. Crawley, 43 La. Ann. 506, 9 South. 95; Ogden v. Leland University, 49 La. Ann. 196, 21 South. 685) sustain no such proposition. In all three of them the plaintiff had alleged that the defendant was in possession. If A., discovering that a house which he has bought and lived in for years with his family, is owned in part by B., brings partition suit against B., and B. controverts A.’s title, will it be said that A. occupies the position of a plaintiff in a petitory action. We imagine it is the defendant who in such a case would have to show a title good as against the world as to the part claimed by the plaintiff.
In the ease at bar, the defendant shows no better possession than plaintiff. Both parties show occasional acts of cutting wood and payment of taxes; acts utterly insufficient for showing possession, especially as between co-owners.
The description in the act of sale by Mrs. Caroline Brownson’s agent to Wm. F. Weeks was clearly sufficient to transfer this property. All the lands of Mrs. Caroline Brownson contained within the boundaries given were conveyed. These boundaries were: Bayou Teche on the west; the Fuselier plantation on the north; Grand Lake on the east; and the Mallon plantation on the south. The S. E. % of section 25, the land in litigation, was embraced within that description. True, the Mallon plantation did not go the entire distance to Grand Lake, hut we do not see that that makes the slightest difference. The sale was of all the lands of Mrs. Caroline Brownson in that locality as far west as Bayou Teche; as far north as the Fuselier plantation; as far east as Grand Lake; and as far south as the Mallon plantation and the other lands bordering the land of Mrs. Caroline Brownson on the south.
A mistake in the name of the owner or owners of these bordering lands on the south can make no difference, since the intention to sell all the lands of Mrs. Brownson bounded on the south by these other lands is none the less manifest.
Defendant not having had possession, his plea of prescription acquirandi causa is without merit.
The defendant, Laws, called his vendors, Mrs. Emma Brownson, J. S. Martel, and Walter O’Neil in warranty. O’Neil called his vendors, Mrs. Brownson and Martel in warranty. Defendant asked for judgment in solido against all his said warrantors for the price paid by him to O’Neil — $2,250. O’Neil answered the call in warranty. He asked that whatever judgment might be rendered against him as warrantor be at the same time rendered in his favor against his warrantors. J. 'S. Martel answered that in his sale to O’Neil it is specially recited that be and Mrs. Emma Brownson were each selling an undivided half, and that therefore he can be held in warranty only for half of the price
We do not find any such recital in the act of sale. The act evidences a joint sale by J. S. Martel and Mrs. Emma Brownson to O’Neil. But the omission of that recital makes no difference, since a joint sale can only give rise to a joint obligation of warranty. The warranty necessarily follows the nature of the sale. Besides, solidarity is nev *538 er presumed; but must be expressly stipulated. Civ. Code, art. 2093.
Martel and Mrs. Emma Brownson owe each, therefore, one quarter of the price. The sale to O’Neil included other lands, the title to which is not contested, and was for a lump price, and the evidence does not enable this court to determine what proportion of this price was for the land involved in this suit. On this point the case will have to be remanded.
There is no denial of the divisibility in kind of the property.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that there now be judgment recognizing the plaintiff, Walter J. Suthon, as owner of one undivided fourth of the S. E. Yi of section 25 S., range 9 E., parish of St. Mary, and ordering a partition in kind of the said quarter section of land; that this case be remanded for effecting said partition, and for further trial on the several demands in warranty, with instructions to the lower court to enter judgment in favor of defendant against his vendor, O’Neil, for whatever portion of the price of the sale by O’Neil to the defendant may be found to be properly attributable to the one-fourth interest involved in this suit, and to enter judgment in favor of defendant against Mrs. Emma Brown-son and J. S. Martel jointly for the same debt, conditioned that same shall be executory only if not already paid by O’Neil, and to enter judgment in favor of Walter A. O’Neil against Mrs. Emma Brownson and J. S. Martel jointly for the same debt, conditioned that said judgment in favor of Walter A. O’Neil shall not be executory until made so on a rule wherein it shall have been made to appear that the said O’Neil has paid the like judgment rendered against him in favor of the defendant, Laws; that thé defendant pay all costs of this suit except those pertaining strictly to the partition, which are to be paid in the usual course.