PROYOSTY, C. J.
The plaintiff sues upon an agreement by which if he procured a purcháser for a certain tract of land he was to have as a commission whatever amount the purchaser might be willing to give for the land in excess of $25 per acre. He secured a purchaser at $30 per acre, and there were 730 acres.
The agreement was made with one of the defendants, C. V. McMillan, who held himself out to have authority for making it from the owners of the land. Mrs. Ada M. McMillan, Henry Kalsched, and Adam Hafer were supposed to be the sole owners, and they were originally the only defendants ih the suit. But, the fact having cropped out on the. trial that C. V. McMillan was a co-owner for one-fourth, he was made a party defendant. Judgment is asked against the defendants in solido.
[1] In the brief it is said that the tiling of the supplemental petition by which C. V. McMillan was thus brought into the suit was objected to on the grounds that the petition came too late, and that it changed the substance of the demand.
The record fails to show that these objections were made. On the contrary, McMillan filed an answer, joining issue on said petition.
The following reservation was made in said answer:
“Defendant without in any manner admitting the right of plaintiff to file the amended petition but specially reserving all of his objections thereto, which were overruled by the court, answers as follows.”
We do not see in what way this reservation can be of any avail, in the absence of any record information of what the objections were, and in the absence from the minutes of any notation that any objection was ever made, and in the absence of any ruling upon any objection,- and in the absence of any bill of exception.
[2] C. V. McMillan entered into said agreement without authority from his codefend *981 ants, and without having consulted them. When they were informed that a purchaser had been found for the land at $25 per acre, they were willing to sell at that price; and, with the knowledge and acquiescence of at least one of them, Mrs. Ada M. McMillan, steps were taken to remedy a defect in the title in order that the sale might be consummated. Plaintiff contends that thereby these co-owners of O. Y. McMillan ratified the agreement sued on, and made themselves parties to it. Whether this might not have been if they had known of the agreement with plaintiff and had decided to approve it and take advantage of it we- need not consider, since they as a matter of fact did not know of the said agreement, and were simply willing to sell the land at $25 per acre, when they were informed that some one was willing to buy it at that price.
[3] These codefendants being thus liberated, plaintiff contends that G. V. McMillan should be held for the entire amount, on the principle that an agent is “bound by it in his individual capacity” for whatever he does beyond his mandate. O. C. art. 3010. Apparently this contention was not made in the trial court, but is being now made for the first time. Perhaps it might have been urged in the alternative in the petition; but this was not done. On the contrary, the unqualified allegation there made is that O. Y. McMillan had authority. The case was tried on that sole ground of alleged liability. C. Y. McMillan was not called upon by the pleadings to defend on any other ground of liability than that he was a part owner. The contention cannot be entertained.
[4] One of G. Y. McMillan’s defenses as part owner is that the agreement in question was not in writing, and that agreements relating to real estate must be in writing. They must be when they purport to affect the real estate, to transfer or incumber it, but the said agreement does not purport to do that. It affected the real estate in no way. It merely enlisted the personal services of plaintiff for a certain agreed-upon consideration, and therefore did not need to he in writing.
The purchaser in question was able and eager to make the purchase, and, moreover, during the delay caused by the defect in the title, real estate increased in value, so that the evidence leaves no room for any doubt but the sale would have been consummated if this rise in the value of real estate had not led the owners to retract. Such being the ease, all the. other defenses are not to the purpose. The evidence leaves no doubt that the sale would most unquestionably have been consummated at $30 per acre, and on such terms of cash or credit as the owners might have desired, if these owners had not decided not to sell.
[5] But we do not think C. V. McMillan, as co-owner, can be held in solido, or for the entire amount called for by the agreement, but only in proportion to his interest in the property. If the agreement had been ratified by the co-owners, and the sale had been consummated, the several co-owners would have had to account to plaintiff only each in the proportion of his interest in the land. The situation is analogous with that of joint vendors whose liability in warranty is in the proportion of their ownership. Suthon v. Laws, 127 La. 531, 53 South. 852; Suthon v. Viguerie, 127 La. 538, 53 South. 855. If it were otherwise, a joint owner to an infinitesimal extent in real estate might be held in warranty for the entire price which he and his co-owners had received from the sale of the property, or, in a case like the present,- for the entire commission of the real estate agent; and this even though the title to his own small interest was good, or, in a case like the present, even though he himself had been willing to carry out the agreement for the sale.
The judgment appealed from dismissed the suit in toto. We think the suit should have *983 been maintained as against O. Y. McMillan to tbe extent hereinabove indicated.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed in so far as it dismisses plaintiff’s suit as against the defendants, Mrs. Ada M. McMillan, Henry Kalsched and Adam Hafer, and that it be set aside in so far as it dismisses the suit as against O. V. McMillan: and it is now ordered, adjudged, and decreed that the plaintiff, Hugh W. Whatley, have judgment against O. V. McMillan for the sum Of $810, with 5 per cent, per ^nnum interest thereon from October 5, 1920, date of judicial demand, and for the costs of this suit.
O’NIELL, J., being absent from the state takes no part in the decision of this case.