(117 So. 229)

No. 27239.

**LILES et al. v. TEXAS CO.**

May 7, 1928.

Hall & Bullock, of Shreveport, for appellants.

Hampden Story and Charles H. Blish, both of Shreveport, for appellee.

O'NIELL, C. J. This is a sequel—in fact, a repetition—of the suit of Liles et al. v. Producers' Oil Co. et al., 155 La. 385, 99 So. 339, and Liles et al. v. Texas Co. et al., 155 La. 396, 99 So. 343. The suit is for a fifth of the net value of 525,401 barrels of oil extracted —a part by the Producers' Oil Company and a part by the Texas Company—from a small tract of land, of which the plaintiffs owned one-fifth. The Texas Company, having bought out the Producers' Oil Company and assumed its obligations, is sued for a fifth of the oil taken by the Producers' Oil Company, as well as that taken by the Texas Company. The district court gave judgment against the defendant, Texas Company, for a fifth of the net value of the oil taken by it, but rejected the plaintiffs' demand for the fifth of the net value of the oil taken by the Producers' Oil Company. The plaintiffs have appealed from the decision, and the defendant, answering the appeal, prays that the plaintiffs' demand be rejected entirely and their suit dismissed.

In the former suits, Liles et al. v.

Producers' Oil Co., 155 La. 385, 99 So. 339, and Liles et al. v. Texas Co. et al., 155 La. 396, 99 So. 343, it was held, according to the ruling in Liles et al. v. Barnhart et al., 152 La. 419, 93 So. 490, that the action, being in its nature an action for tort, was barred by the prescription of one year. This suit is between the same parties and for the fifth of the net value of the same and identical quantity of oil. The only difference between the suits is that in this suit, the plaintiffs do not aver that the oil was taken wrongfully, or that the price or value of it was misappropriated wrongfully, but aver merely that the defendant, having received the oil and the price of it by virtue of a void title, as to a fifth of it, "is bound by a contract to restore to petitioners their share of the price of the sale, less petitioners' part of the costs and expenses of production." Our opinion is that the cause of action in this case is the same as that which was disposed of in the former suit between the same parties. The difference is not in the cause of action, but only in the argument or reasoning with which the cause is presented. The action does not arise quasi ex contractu, as for the oil, or the value of the oil, belonging to the plaintiffs and received and appropriated by the defendant. The oil which the defendant reduced to possession and disposed of did not in fact belong to the plaintiffs, or to any one else, until it was reduced to possession by the defendant. It is well settled that oil beneath the surface of the earth is not subject to ownership, as corporeal property, separate from the land which it forms part of, until it is reduced to possession. Rives v. Gulf Refining Co., 133 La. 178, 62 So. 623; Cooke v. Gulf Refining Co., 135 La. 616, 65 So. 756; Elder v. Ellerbe, 135 La. 995, 66 So. 337; Strother v. Mangham, 138 La. 437, 70 So. 426; Saunders v. Busch-Everett Co., 138 La. 1049, 71 So. 133; Hanby v. Texas Co.,

140 La. 190, 72 So. 933; Higgens Oil & Fuel Co. v. Guaranty Oil Co, 145 La. 233, 82 So. 206, 5 A. L. R. 411; Frost-Johnson Lumber Co. v. Salling's Heirs, 150 La. 756, 91 So. 207; Brown v Spilman, 155 U. S. 665, 15 S. Ct. 245, 39 L. Ed. 304; Ohio Oil Co. v. Indiana, 177 U. S. 190, 20 S. Ct. 576, 44 L. Ed. 729; Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 31 S. Ct. 337, 55 L. Ed. 369, Ann. Cas. 1912C, 160; Walls v. Midland Carbon Co., 254 U. S. 300, 41 S. Ct. 118, 65 L. Ed. 276.

If the plaintiffs had based their cause of action upon a contract or quasi contract, by suing for the amount of money due them under the contract of lease, by virtue of which the defendant and its predecessor produced and appropriated the oil, the plaintiffs would have been compelled thereby to ratify the contract and to claim only the royalty due them under it.

Our opinion is that the plea of res judicata, filed by the defendant in the district court, should have been sustained. The defendant also pleaded that, even though the plaintiffs had the right to elect to bring the action either ex delicto or quasi ex contractu, the plaintiffs, having elected to bring the action ex delicto, and having thus recovered all that was due them except that for which the action ex delicto was barred by prescription, were thereby precluded from bringing the action also quasi ex contractu, for the amount claimed but not recovered in the action ex delicto. That proposition seems unanswerable. A person whose property has been wrongfully taken and appropriated by another, and who has the right either to sue for trespass or to sue for the property or the value of the property received, cannot maintain both actions, either at the same time or one after the other.

The judgment appealed from is annulled, and the plaintiffs' demand is rejected, and their suit dismissed, at their cost.