ELLIS, Judge:
On May 23, 1977, Ollie Mae Smith and Earl Smith signed a listing agreement with L. B. Young, Realtor, listing their property in North Baton Rouge for sale for the sum of $19,000.00. In the agreement, the owners agreed to pay a commission of seven per cent of the purchase price. The agreement was for a period of four months, and contained the following remarks: “To be sold FHA, VA, conventional or cash Seller to pay prevailing points.” No other provisions as to the terms and conditions of sale are contained in the listing agreement.
Mr. Young obtained two offers to purchase the property for $19,000.00, subject to certain terms and conditions, which were accepted by Mr. and Mrs. Smith. These sales did not go through because of the inability of the purchasers to obtain financing.
On June 25, 1977, Mr. Young obtained an offer to purchase the property for $19,-000.00 from Willie Lee Kidd and Billie Kidd. This offer contained the following conditions:
“100% VA 30 year loan. Purchaser to pay prepaid items, appraisal and credit ck. Seller to pay closing cost, prevailing points, furnish termite citificate (sic) (install new roof removing old roof) (235 shingle) V.A. specs, plumbing, heater, hot water heater to be in good working order at sale.”
Mrs. Smith signed the agreement, but Mr. Smith refused to do so. Mr. Young testified that Mr. Smith told him he “was thinking about chickening out on the deal and to sell it himself to his ex-wife.” Mr. Young stated that Mr. Smith did not ask how much the property sold for or what the conditions of the sale were, and that he just wanted to get out of the listing. He further testified that before the last offer was presented, Mr. Smith had been very anxious to sell the property, and had said that he would pay the closing costs and put a new roof on the house. The record shows that these conditions had been embodied in the two prior purchase agreements, which Mr. Smith had signed.
Mr. Smith, on the other hand, testified that Mr. Young told him what the purchase agreement said, and that he figured that he would make no money on the deal with “all these added expenses that came along after we signed the purchase agreement.” He then refused to sign the agreement. Spe *983 cifically, Mr. Smith stated that he did not want to pay the closing costs. He also testified that he did not know what conditions were contained in the first two agreements of sale which he signed.
The trial judge was of the opinion that it did not make any difference who was telling the truth. He found that the items that Mr. Smith was to pay under the listing agreement were ordinary costs and charges incident to the sale, and their presence in the purchase agreement would not go beyond the terms of the listing agreement. He held that the broker had fulfilled his obligation of finding a buyer ready, willing and able to purchase on the terms of the listing agreement, and was entitled to his commission.
In the recent case of Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La.1977), the court said:
“It is well-settled that an agreement listing immovable property for sale with a real estate broker need not be in writing. A contract between seller and agent may be made orally or a written contract may be changed orally. Whatley v. McMillan, 152 La. 978, 94 So. 905 (1922); Olympic Homes, Inc. v. Ory, La.App., 207 So.2d 258, writ ref., 252 La. 113, 209 So.2d 41 (1968); Caruso-Goll v. Gallo, La.App., 205 So.2d 57 (1968) and cases cited therein. Likewise, it is well-settled that a sale need not be consummated for an agent to earn his commission. The agent is entitled to his commission when he has secured a purchaser ready, able, and willing to buy on vendor’s terms even though no sale is consummated because of actions of the owner. Peck v. Bemiss, 10 La.Ann. 160 (1855), Strahan v. Weiland, La.App., 216 So.2d 169 (1968); Olympic Homes, Inc. v. Ory, supra.”
The record in this case clearly and affirmatively shows that Mr. Smith had verbally agreed to the conditions contained in the agreement. Mr. Young says he did, and Mr. Smith had already signed two agreements containing the same provision. We are of the opinion that the listing agreement had been orally amended by the parties so as to include the said conditions. Mr. Smith is liable for the commission, since the agent secured a purchaser ready, willing and able to buy on the terms specified in the listing agreement, as orally amended.
The judgment appealed from is affirmed, at Mr. Smith’s cost.
AFFIRMED.