430 So.2d 1077 (1983)
NORTHCOTT EXPLORATION COMPANY, INC.
v.
W.R. GRACE AND COMPANY, et al.
No. 82-708.
Court of Appeal of Louisiana, Third Circuit.
March 21, 1983.
Rehearing Denied May 26, 1983.
*1078 William E. Kellner and Gerald J. Block, Lafayette, for defendants-relators.
Arthur D. Mouton, Lafayette, for plaintiffs-respondents.
George L. Potter, Jr., Plauche, Hartley, Lapeyre & Ottinger, Lafayette, Dubuisson & Dubuisson, James G. Dubuisson, Opelousas, for defendant-relator.
Before FORET, CUTRER and DOUCET, JJ.
FORET, Judge.
Taurus Petroleum and Helke Exploration Company (defendants-relators) sought supervisory writs from an interlocutory judgment of the trial court, overruling relators' peremptory exception of prescription. We granted the writ.[1]
The sole issue is whether the trial court erred in overruling relators' peremptory exception of prescription.

FACTS
Northcott Exploration Company, Inc. (plaintiff) alleges that an oil, gas, and mineral lease it acquired covers land within the confines of the "L. Tweedle RA SV A" Unit in St. Landry Parish. The original defendants, W.R. Grace & Company and Grace Petroleum Company, filed a dilatory exception of non-joinder of necessary parties, which was sustained. This required plaintiff to amend its original petition to bring in relators as additional defendants to its action.
Relators then filed their peremptory exception of prescription alleging that plaintiff's demand for an accounting of sums of money, for a share of unit production produced and saved more than one year prior to the date on which it filed its present lawsuit, is barred by prescription. The trial court, after conducting a hearing on relators' exception, rendered judgment overruling it. The trial court, in its written reasons for judgment, stated that:
"First, the case cries out in equity. It is not fair for someone to take something from me, and then not restore it."
The trial court then went on to distinguish the case of Liles v. Barnhart, 152 La. 419, 93 So. 490 (La.1922), relied on by relators, from the action before it. Finally, the trial court found that LSA-R.S. 30:10(A)(1)[2] superimposed a contract on the parties. It apparently agreed with plaintiff's argument that the ten-year prescriptive period set forth in LSA-C.C. Article 3544[3] was applicable.
We conclude that the trial court correctly overruled relators' peremptory exception of prescription, but for different reasons.

PRESCRIPTION
Plaintiff's suit against the original defendants was filed on October 27, 1980. Among other things, plaintiff prayed for judgment in its favor, ordering defendants to make a full accounting of all sums due it from the first production from the above *1079 mentioned unit (alleged to be December of 1976), and to pay the same along with legal interest from due date until paid. Relators contend that plaintiff's action sounds in tort, and that the one-year prescriptive period set forth in LSA-C.C. Article 3536[4] is applicable. They argue that prescription bars plaintiff from recovering for any production from said unit prior to October 27, 1979. Relators state that they had no interest in any of the affected properties either on, or subsequent to, that date. Thus, they would be released as defendants to plaintiff's action, if their peremptory exception of prescription was sustained.
LSA-R.S. 31:16 provides:
"§ 16. Basic mineral rights; status as real rights
The basic mineral rights that may be created by a landowner are the mineral servitude, the mineral royalty, and the mineral lease. This enumeration does not exclude the creation of other mineral rights by a landowner. Mineral rights are real rights and are subject either to the prescription of nonuse for ten years or to special rules of law governing the term of their existence."
LSA-R.S. 31:18 provides:
"§ 18. Nature of mineral rights
A mineral right is an incorporeal immovable. It is alienable and heritable. The situs of a mineral right is the parish or parishes in which the land burdened is located. All sales, contracts, and judgments affecting mineral rights are subject to the laws of registry."
Finally, LSA-C.C.P. Article 3664 provides:
"Art. 3664. Mineral rights asserted, protected and defended as other immovables
The owner of a mineral right may assert, protect, and defend his right in the same manner as the ownership or possession of other immovable property, and without the concurrence, joinder, or consent of the owner of the land or mineral rights.
Amended by Acts 1974, No. 547, § 1, eff. Jan. 1, 1975."
Thus, it can be seen that a mineral lease gives rise to a real right, which the lessee may assert, protect, and defend by means of the petitory action (a real action). LeSage v. Union Producing Company, 249 La. 42, 184 So.2d 727 (La.1966).
Louisiana jurisprudence is well settled that the character of an action given by a plaintiff in his pleadings determines the prescription applicable to it. See Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts, 354 So.2d 192 (La.1978), and authorities cited therein.
Plaintiff's petition is styled "PETITION FOR RECOGNITION OF OWNERSHIP TO IMMOVABLE PROPERTY". In its petition, plaintiff alleges that it is the lessee and owner of an oil, gas, and mineral lease dated effective January 5, 1977. It acquired the lease from the Missouri Pacific Railroad Company. The petition goes on to describe the property covered by the lease and a certified copy of the recorded lease is attached thereto. Plaintiff further alleges that a portion of the property covered by the mineral lease is located in "L. Tweedle RA SV A" Unit, and that it, as the mineral lessee, is entitled to 100% of the production attributable to that property from the well or wells producing from said unit.
Plaintiff prays for judgment in its favor declaring that: (1) its oil, gas and mineral lease is valid; (2) that 100% of the production from the unit well or wells attributable to the property covered by its mineral lease is due and payable to it; and, (3) ordering defendants to make a full accounting of all sums due it from the first production from said unit.
*1080 It is our opinion that plaintiff's action is primarily petitory and does not sound in tort. Thus, the one-year prescription, liberandi causa, which applies to actions resulting from offenses or quasi offenses, LSA-C.C. Article 3536, is patently without application as this is a real action in which plaintiff seeks to have its ownership in certain immovables recognized. See Blevins v. Manufacturers Record Publishing Company, 235 La. 708, 105 So.2d 392 (La. 1957), on rehearing, 105 So.2d 411 (La.1958); and, Garrett v. Pioneer Production Corporation, 378 So.2d 945 (La.App. 3 Cir.1979), reversed on other grounds, 390 So.2d 851 (La.1980).
In their original brief filed in this Court, W.R. Grace and Company, Grace Petroleum Corporation, and Tideway Oil Programs, Inc. (defendants), cite Liles v. Barnhart, supra, in support of their argument that the one-year prescriptive period set forth in LSA-C.C. Article 3536 is applicable to plaintiff's action. A reading of Liles indicates that the decision therein was based upon the "theory of the case" doctrine. This harsh and unduly technical doctrine was suppressed by the enactment of LSA-C.C.P. Article 862.[5] See LSA-C.C.P. Article 862, comment b.
For the same reason, we decline to follow the decision of this Court (cited by defendants in support of relators' argument) rendered in White v. Phillips Petroleum Company, 232 So.2d 83 (La.App. 3 Cir.1970), writ denied, 255 La. 907, 233 So.2d 560 (La.1970). In White, we relied on earlier decisions rendered in Liles v. Producers' Oil Company, 155 La. 385,99 So. 339 (La.1924) and Liles v. Texas Company, 166 La. 293, 117 So. 229 (La.1928), in finding that a landowner's action for the recovery of minerals wrongfully produced from his property was subject to the one-year prescriptive period set forth in LSA-C.C. Article 3536. A review of these earlier decisions clearly shows that both were decided under the "theory of the case" doctrine. We note that the Louisiana Supreme Court, in refusing to grant a writ in White, stated that:
"The result of Court of Appeal decision is correct." (Emphasis ours.)
As Judge Tate noted in his concurring opinion in White:
"If a plausible construction of the pleadings here would permit recovery (and I am not fully convinced that these pleadings could not be so construed), to restrict plaintiff to a remedy in tort is to return to the Code-rejected concept of the `theory of the case'."
For the foregoing reasons, the judgment of the trial court, overruling the relator's peremptory exception of prescription is affirmed, and the matter is remanded to the trial court for further proceedings.
AFFIRMED & REMANDED.
NOTES
[1] On January 5, 1983, we granted the writ stating that: "All proceedings in this case are stayed pending further action of this court. The Clerk of the 27th Judicial District Court, Parish of St. Landry, is hereby ordered to forward to this court within thirty days the complete transcript in these proceedings, to date." The supervisory jurisdiction of this Court is properly invoked under the guidelines established by Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
[2] LSA-R.S. 30:10(A)(1) provides that:

"§ 10. Agreements for drilling units; pooling interests; terms and conditions; expenses
A. When two or more separately owned tracts of land are embraced within a drilling unit which has been established by the commissioner as provided in R.S. 30:9B, the owners may validly agree to pool their interests and to develop their lands as a drilling unit.
(1) Where the owners have not agreed to pool their interests, the commissioner shall require them to do so and to develop their lands as a drilling unit, if he finds it to be necessary to prevent waste or to avoid drilling unnecessary wells."
[3] LSA-C.C. Article 3544 provides:

"Art. 3544. Personal actions, general rule
Art. 3544. In general, all personal actions, except those before enumerated, are prescribed by ten years."
[4] LSA-C.C. Article 3536 provides, in pertinent part, that:

"Art. 3536. Other actions prescribed by one year
Art. 3536. The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses."
[5] LSA-C.C.P. Article 862 provides:

"Art. 862. Relief granted under pleadings; sufficiency of prayer
Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."